# EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
10/20/2015
CT Log Number 528020547



TO:     Debra David, Paralegal
        The TJX Companies, Inc.
        770 Cochituate Rd
        Framingham, MA 01701-4666

RE:     **Process Served in California**

FOR:    HomeGoods, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | BRENDA BAIMA, Pltf. vs. TJX COMPANIES, INC., etc., et al., Dfts. // To: HOMEGOODS, INC. |
| DOCUMENT(S) SERVED: | Summons, Notice, Instructions, Stipulations, Conference, Complaint, Cover Sheet, Addendum and Statement |
| COURT/AGENCY: | Los Angeles County - Superior Court - Hill Street, CA<br>Case # BC596739 |
| NATURE OF ACTION: | Employee Litigation - Wrongful Termination - 07/07/2014 |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Walnut Creek, CA |
| DATE AND HOUR OF SERVICE: | By Process Server on 10/20/2015 at 14:50 |
| JURISDICTION SERVED : | California |
| APPEARANCE OR ANSWER DUE: | Within 30 days after service |
| ATTORNEY(S) / SENDER(S): | Timothy B. McCaffrey, Jr.<br>CHESLER McCAFFREY LLP<br>11377 West Olympic Blvd<br>Suite 500<br>Los Angeles, CA 90064<br>310-882-6407 |
| ACTION ITEMS: | CT has retained the current log, Retain Date: 10/21/2015, Expected Purge Date: 10/26/2015<br><br>Image SOP<br><br>Email Notification,  Debra David  debra_david@tjx.com |
| SIGNED: | C T Corporation System |
| ADDRESS: | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| TELEPHONE: | 213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

OCT 1 9 2015  e2ss

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

TJX COMPANIES, INC., a corporation; HOMEGOODS, INC., a corporation; and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

BRENDA BAIMA

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |
| CONFORMED COPY |
| ORIGINAL FILED |
| Superior Court of California |
| County of Los Angeles |
| OCT 0 2 2015 |
| Sherri R. Carter, Executive Office/Clerk |
| By: _____ , Deputy |
| Ishayla Chambers |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | CASE NUMBER: |
| --- | --- |
| The name and address of the court is: Stanley Mosk Superior Court | *(Número del Caso):* |
| *(El nombre y dirección de la corte es):* | BC 5 9 6 7 3 9 |
| 111 N. Hill Street | |
| Los Angeles, CA 90012 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Timothy B. McCaffrey, Jr., 11377 West Olympic Blvd., Suite 500, Los Angeles 90064, (310)882-6407

| DATE: | SHERRI R. CARTER | Clerk, by | Ishayla Chambers | , Deputy |
| --- | --- | --- | --- | --- |
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

OCT 0 2 2015

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):*  HOME GOODS, INC., a Corporation
   under: ☐ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☑ by personal delivery on *(date):*  OCT 1 9 2015

Page 1 of 1

| Form Adopted for Mandatory Use | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
| --- | --- | --- |
| Judicial Council of California | | www.courtinfo.ca.gov |
| SUM-100 [Rev. July 1, 2009] | | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)

Case Number _____

BC 5 9 6 7 3 9

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judge indicated below. There is more information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|---|
| Hon. Kevin C. Brazile | 1 | 534 | | Hon. Elizabeth Allen White | 48 | 506 | |
| Hon. Barbara A. Meiers | 12 | 636 | | Hon. Deirdre Hill | 49 | 509 | |
| Hon. Terry A. Green | 14 | 300 | | Hon. Teresa A. Beaudet | 50 | 508 | |
| Hon. Richard Fruin | 15 | 307 | | Hon. Michael J. Raphael | 51 | 511 | |
| Hon. Rita Miller | 16 | 306 | | Hon. Susan Bryant-Deason | 52 | 510 | |
| Hon. Richard E. Rico | 17 | 309 | | Hon. Steven J. Kleifield | 53 | 513 | |
| Hon. Stephanie Bowick | 19 | 311 | | Hon. Ernest M. Hiroshige | 54 | 512 | |
| Hon. Dalila Corral Lyons | 20 | 310 | | Hon. Malcolm H. Mackey | 55 | 515 | |
| Hon. Robert L. Hess | 24 | 314 | | Hon. Michael Johnson | 56 | 514 | |
| Hon. Yvette M. Palazuelos | 28 | 318 | | Hon. Rolf M. Treu | 58 | 516 | |
| Hon. Barbara Scheper | 30 | 400 | | Hon. Gregory Keosian | 61 | 732 | |
| Hon. Samantha Jessner | 31 | 407 | | Hon. Michael L. Stern | 62 | 600 | |
| Hon. Mary H. Strobel | 32 | 406 | | Hon. Mark Mooney | 68 | 617 | |
| Hon. Michael P. Linfield | 34 | 408 | | Hon. William F. Fahey | 69 | 621 | |
| Hon. Gregory Alarcon | 36 | 410 | | Hon. Suzanne G. Bruguera | 71 | 729 | |
| Hon. Marc Marmaro | 37 | 413 | | Hon. Ruth Ann Kwan | 72 | 731 | |
| Hon. Maureen Duffy-Lewis | 38 | 412 | | Hon. Rafael Ongkeko | 73 | 733 | |
| Hon. Elizabeth Feffer | 39 | 415 | | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| Hon. Michelle R. Rosenblatt | 40 | 414 | | Hon. Gail Ruderman Feuer | 78 | 730 | |
| Hon. Holly E. Kendig | 42 | 416 | | | | | |
| Hon. Mel Red Recana | 45 | 529 | | Hon. Emile H. Elias | 324 | CCW | |
| Hon. Frederick C. Shaller | 46 | 500 | | *Provisionally Complex Non-class Action Cases Assignment is Pending Complex Determination | 324 | CCW | |
| Hon. Debre K. Weintraub | 47 | 507 | | | | | |

### *Complex

All non-class action cases designated as provisionally complex are forwarded to the Supervising Judge of the Complex Litigation Program located in the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005), for complex/non-complex determination pursuant to Local Rule 3.3(k). This procedure is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on   OCT 0 2 2015       SHERRI R. CARTER, Executive Officer/Clerk

By Ishayla Chambers , Deputy Clerk

- NOTICE OF CASE ASSIGNMENT -
UNLIMITED CIVIL CASE

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Three Rules were effective January 1, 1994.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts.  These matters may be heard and resolved at this conference.  At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**

**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

LACIV 230 (NEW)

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:     FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

iii.   Be filed within two (2) court days of receipt of the Request; and

iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.   No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.   If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.   If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.   If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.   The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.   Nothing herein will preclude any party from applying ex parte for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.   Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.   References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR_____)

Date:

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR _____)

**STIPULATION – DISCOVERY RESOLUTION**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

    a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c. Exchange of names and contact information of witnesses;

    d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

LACIV 229 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at www.lasuperiorcourt.org under "Civil" and then under "General Information").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
    (INSERT DATE)                                            (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at www.lasuperiorcourt.org under "Civil", click on "General Information", then click on "Voluntary Efficient Litigation Stipulations".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____        ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)

Date:

_____        ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____        ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____        ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____        ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____        ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

_____        ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

LACIV 229 (new)
LASC Approved 04/11          **STIPULATION – EARLY ORGANIZATIONAL MEETING**                    Page 2 of 2

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. **This document relates to:**

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. **Deadline for Court to decide on Request:** _____ (insert date 10 calendar days following filing of the Request).

3. **Deadline for Court to hold Informal Discovery Conference:** _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution St...

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER -- MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

_____
(ATTORNEY FOR _____ )

Date:

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR _____ )

Date:

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR _____ )

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER

COPY

1  TIMOTHY B. McCAFFREY, JR. (S.B. #192114)
   NATASHA R. CHESLER (S.B. #227540)
2  CHESLER McCAFFREY LLP
   11377 West Olympic Boulevard, Suite 500
3  Los Angeles, California 90064-1683
   Telephone: (310) 882-6407
4  Facsimile: (310) 882-6359
   E-Mail:   tbm@cmlegal.com
5            nrc@cmlegal.com

6  Attorneys for Plaintiff Brenda Baima

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT 0 2 2015

Sherri R. Carter, Executive Officer/Clerk
By: _____, Deputy
        Ishayla Chambers

7

8        SUPERIOR COURT OF THE STATE OF CALIFORNIA

9        COUNTY OF LOS ANGELES, CENTRAL DISTRICT

10                                      BC 5 9 6 7 3 9

11  BRENDA BAIMA,                       Case No.

12            Plaintiff,                COMPLAINT FOR:

13       v.                             1) FAILURE TO AUTHORIZE AND
                                        PERMIT MEAL AND REST BREAKS
14  TJX COMPANIES, INC., a corporation; IN VIOLATION OF CAL. LABOR
    HOMEGOODS, INC., a corporation; and CODE §§ 226.7 AND 512;
15  DOES 1 through 10, inclusive,
                                        2) FAILURE TO PAY OVERTIME IN
16            Defendants.               VIOLATION OF CAL. LABOR CODE
                                        § 510;

17                                      3) FAILURE TO PAY ALL WAGES
                                        DUE UPON TERMINATION OF
18                                      EMPLOYMENT IN VIOLATION OF
                                        CAL. LABOR CODE §§ 201-203;
19

20                                      4) FAILURE TO PROVIDE
                                        ACCURATE ITEMIZED PAYSTUB IN
21                                      VIOLATION OF CAL. LABOR CODE
                                        § 226;

22                                      5) UNFAIR BUSINESS PRACTICES IN
                                        VIOLATION OF CAL. BUS. & PROF.
23                                      CODE §§ 17200 ET SEQ.;

24                                      AND

25                                      6) WRONGFUL TERMINATION IN
                                        VIOLATION OF PUBLIC POLICY
26

27                                      DEMAND FOR JURY TRIAL

28

                              COMPLAINT

Plaintiff Brenda Baima ("Plaintiff" or "Mrs. Baima") hereby brings her complaint against the above-named defendants and states and alleges as follows:

## General Allegations

1.      Plaintiff is informed and believes and thereupon alleges that at all times mentioned herein Defendant TJX Companies, Inc. and Defendant Homegoods, Inc. ("Defendant") are and were corporations which own and operate retail stores in the County of Los Angeles, State of California.  Plaintiff is also informed and believes and thereupon alleges that Defendants are Delaware corporations and are licensed to do business in California.

2.      At all times mentioned herein, and at the time the causes of action arose, Plaintiff was an individual and citizen of the County of Los Angeles, State of California, and at all relevant times was employed by Defendants in the County of Los Angeles.  The acts giving rise to Plaintiff's claims occurred in the County of Los Angeles.

3.      Plaintiff is unaware of the true names and capacities of Defendants sued herein as DOES 1-10, inclusive, and for that reason sues said Defendants by such fictitious names.  Plaintiff will file and serve an amendment to this complaint alleging the true names and capacities of said fictitiously named Defendants if and when such true names and capacities become known to Plaintiff.

4.      Plaintiff is informed and believes, and based thereon alleges, that each of the fictitiously named Defendants is responsible in some manner for, and proximately caused, the harm and damages alleged herein below.

5.      Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants and individuals named herein acted as the employee, agent, partner, alter-ego and/or joint venturer of each of the other Defendants named herein and, in doing the acts and in carrying out the wrongful conduct alleged herein, each of said Defendants acted within the scope of said relationship and with the permission, consent and ratification of each of the other Defendants named herein.

6.      Hereinafter in the complaint, unless otherwise specified, reference to a

1 │ Defendant or Defendants shall refer to all Defendants, and each of them.

2 │       7.    Plaintiff is a 61 year old mother of two.

3 │       8.    Defendant owns and operates several retailer chains, including Home Goods

4 │ stores.

5 │       9.    Defendant hired Plaintiff as an assistant store manager at its Valencia store in

6 │ 2006. Defendant later transferred Plaintiff to work at its La Canada store, also as an

7 │ assistant store Manager, in February 2012.

8 │      10.    Plaintiff performed well in her role and she continually met expectations in

9 │ her annual performance reviews.

10 │      11.    Beginning in approximately March 2014, the La Canada store experienced

11 │ severe staffing shortages. Specifically, Defendant did not employ enough managers and

12 │ assistant managers to manage the store. For a period, Plaintiff was the only assistant

13 │ manager at her store.

14 │      12.    As a result of the understaffing, Defendant effectively demanded that

15 │ Plaintiff and other assistant managers work through their meal and rest breaks during each

16 │ shift. However, Defendant did not want to pay the legally required break premium pay

17 │ under California Labor Code § 226.7. To avoid paying the premium pay, Defendant

18 │ required Plaintiff and other managers to clock in and out for breaks even when they did not

19 │ take them. Thus, Plaintiff and other managers would work through their meal and rest

20 │ breaks, but be off the clock (and thus not paid for all the time that they worked). For

21 │ example, when Plaintiff approached five hours of consecutive work, Defendant would

22 │ require that she punch out, then punch back in at least 30 minutes later. However, during

23 │ each of these "punched out" periods, or phantom breaks, Plaintiff continued to perform her

24 │ normal job duties. These phantom breaks were recorded on Plaintiff's and other

25 │ employees' time sheets as if they were genuine breaks.

26 │      13..    Plaintiff is informed and believes, and on that basis alleges, that Defendant

27 │ was fully aware that these phantom breaks were the ongoing practice at the La Canada, and

28 │ possibly at other stores. Specifically, Defendant's La Canada store was required to send

1    copies of schedules to Defendant's district office every week.  In addition, Defendant

2    required at least one "key holder" to be on site and on duty at the store at all times.  A sole

3    key holder could not take a meal or rest break and comply with Defendant's on site, on

4    duty requirement.  However, Defendant saw Plaintiff and other managers were the only

5    key holders on sites and saw these key holders record meal and rest breaks on its weekly

6    schedules.  Yet Defendant continued to allow La Canada to be understaffed, effectively

7    requiring Plaintiff and other non-exempt employees to work through their meal and rest

8    breaks.

9        14.    In mid-May 2014, Defendant finally assigned another Assistant Store

10   Manager (Kenny Daniels) to the La Canada store.  Within the first week or two of his

11   tenure, Mr. Daniels did not clock any meal breaks because he could not take them.  Mr.

12   Daniels told Plaintiff that Defendant disciplined him for not clocking his meal breaks.  Mr.

13   Daniels thereafter did what everyone else did – clock the meal break even though he could

14   not take it – to avoid being subject to further disciplinary action.  Defendant's discipline of

15   Mr. Daniels reinforced Plaintiff's perception that Defendant required her to work through

16   breaks, then report she had taken the breaks.

17       15.    The La Canada store understaffing continued through June 2014, and

18   Plaintiff and other non-exempt employees continued to clock in and out for breaks that

19   they did not take.  Additionally, Plaintiff often worked 10 or 12 hours in a day during this

20   period.

21       16.    In mid June 2014, Plaintiff took a 10 day vacation.  When she returned,

22   Defendant summoned her into a meeting with a loss prevention employee and a district

23   manager.  They accused her of working off the clock.  Plaintiff was completely blindsided

24   by the accusation because she believed Defendant was aware of the phantom breaks.  She

25   maintained that working off the clock was her only choice given Defendant's short

26   staffing.  There simply was no way to take a duty free meal break within the first five

27   hours of her shift.  She also reported that she clocked out for the phantom meal breaks to

28   avoid being disciplined for not clocking out.  She signed a statement to the effect that she

1   did this because there was no coverage.

2        17.   Defendant did not contact Plaintiff for about two weeks afterward.  Then, she

3   was summoned into another meeting on July 2, 2014.  During this meeting, Defendant

4   suspended her without pay.  Defendant thereafter terminated her employment, effective

5   July 7, 2014, for clocking out for phantom meal breaks.  At no point however did

6   Defendant pay Plaintiff for the half hours she clocked out for phantom breaks or any

7   premium pay for missed breaks.

8        18.   At the time Defendant terminated Plaintiff, she was 59 years old.  Defendant

9   also terminated another manager around the time it terminated Plaintiff.  Plaintiff is

10   informed and believes, and on that basis alleges, that the other manager was over 50 years

11   old at the time of his termination.  Plaintiff is further informed and believes, and on that

12   basis alleges, that Defendant hired significantly younger assistant managers to replace her

13   and the other manager, and that these younger assistant managers were paid at a lower rate.

14   **FIRST CAUSE OF ACTION**

15   **(FAILURE TO AUTHORIZE AND PERMIT MEAL AND REST BREAKS IN**

16   **VIOLATION OF CAL. LABOR CODE §§ 226.7 AND 512 AGAINST ALL**

17   **DEFENDANTS)**

18        19.   Plaintiff realleges and incorporates herein paragraphs 1 through 18 of this

19   complaint as though fully set forth.

20        20.   California Labor Code Section 512(a) requires an employer to provide an

21   employee one 30 minute meal break after the employee works for five hours, and an

22   additional 30 minute break after ten hours of work.  Further, an employer is prohibited

23   from coercing or encouraging employees to forego breaks.  *Brinker Restaurant Corp. v.*

24   *Superior Court* (2012) 53 Cal.4th 1004, 1040 ["The wage orders and governing statute do

25   not countenance an employer's exerting coercion against the taking of, creating incentives

26   to forego, or otherwise encouraging the skipping of legally protected breaks."].  If an

27   employer does not allow an employee to take a meal or rest break, than the employer is

28   required to pay the employee one additional hour's wage at the employee's hourly rate for

5
COMPLAINT

1  each day during which the employee did not take a break.  Lab. Code § 226.7(c).

2      21.    Plaintiff often had to work through her meal and rest breaks because

3  Defendant understaffed her store, she was the only key holder and/or manager on site, and

4  because Defendant disciplined employees who reported missed breaks.  Defendant was

5  aware that Plaintiff was working through her meal and rest breaks, but continued to

6  authorize or passively sanction working through these breaks.

7      22.    Defendant never paid Plaintiff an additional hour of premium pay under

8  California Labor Code § 226.7 for missed meal breaks.

9      23.    Plaintiff was damaged by Defendant's violation of California Labor Code

10  § 226.7, and therefore seeks recovery of unpaid wages, interest and attorneys' fees, and

11  costs, in addition to penalties under California Labor Code §§ 203, 210, 218, 218.6, 226,

12  226.3, 558, 1194(a) and 2699 because Defendant did not pay Plaintiff accurately in a

13  timely manner for the rest periods and/or meal periods she was deprived of during her

14  employment and/or upon her discharge.

15  **SECOND CAUSE OF ACTION**

16  **(FAILURE TO PAY OVERTIME IN VIOLATION OF CAL. LABOR CODE § 510**

17  **AGAINST ALL DEFENDANTS)**

18      24.    Plaintiff realleges and incorporates herein paragraphs 1 through 23 of this

19  complaint as though fully set forth.

20      25.    As set forth above, Defendant failed to appropriately pay Plaintiff overtime

21  compensation for hours worked in excess of eight (8) in a day or forty (40) in a week

22  throughout her employment.

23      26.    Under California Labor Code § 510, Plaintiff was entitled to one and one-

24  half times her regular rate of pay for any work in excess of eight hours in one workday and

25  any work in excess of 40 hours in any one workweek; and two times her regular rate of pay

26  for any work in excess of twelve (12) hours in one workday.  Plaintiff frequently worked

27  such overtime hours—some days she worked 10 to 12 hours, and some weeks more than

28  40 hours, and worked through phantom meal and rest breaks during these days and weeks.

1  However, Defendant failed to compensate her for hours worked during these phantom

2  meal and rest breaks.  Accordingly, Defendant failed to pay Plaintiff overtime

3  compensation for periods when she worked more than 8 hours in a day or more than 40

4  hours in a week and also worked through phantom breaks.

5      27.    California Labor Code § 1194 authorizes Plaintiff to bring an action for

6  unpaid overtime compensation.  Pursuant to California Labor Code § 1194(a), Plaintiff

7  hereby brings a claim for unpaid overtime pay, interest, and attorneys' fees.

8      28.    As a direct, legal, and proximate result of Defendant's conduct, as alleged

9  above, Plaintiff has suffered a loss of wages and/or compensation according to proof.

10  Plaintiff is also entitled to penalties in an amount to be proven at trial under California

11  Labor Code §§ 203, 210, 558 and 2699 because Defendant did not pay Plaintiff accurately

12  in a timely manner for the overtime that she worked during her employment and upon her

13  unlawful discharge.  Plaintiff is entitled to interest on all amounts due under California

14  Labor Code § 218.6.

15      29.    As a further direct, legal and proximate result of Defendant's conduct,

16  Plaintiff was caused to and did employ the services of counsel to prosecute this action, and

17  is accordingly entitled to an award of attorneys' fees according to proof pursuant to

18  California Labor Code § 218.5, 1194(a) and 2699.

19                          **THIRD CAUSE OF ACTION**

20      **(FAILURE TO PAY ALL WAGES DUE UPON TERMINATION OF**

21      **EMPLOYMENT IN VIOLATION OF CAL. LABOR CODE §§ 201-203**

22                          **AGAINST ALL DEFENDANTS)**

23      30.    Plaintiff realleges and incorporates herein paragraphs 1 through 29 of this

24  complaint as though fully set forth.

25      31.    As set forth above, Defendant failed to pay Plaintiff for the phantom meal

26  and rest breaks it required her to work through—whether compensation for those phantom

27  breaks was straight time, overtime and/or meal and rest break premiums.  Thus, when it

28  terminated her, Defendant did not pay Plaintiff all wages due and owing as required by

1  California Labor Code §§ 201 and 202.

2       32.    Defendant willfully failed to pay Plaintiff all amounts due upon termination

3  of her employment.  Defendant even identified clocking phantom breaks as the reason for

4  Plaintiff's termination.  Thus it must have been aware it took them.  Plaintiff therefore

5  seeks all unpaid wages and statutory penalties up to thirty (30) days worth of pay under

6  California Labor Code § 203.  Plaintiff also seeks penalties pursuant to California Labor

7  Code § 2699.

8       33.    As a further direct, legal and proximate result of Defendant's conduct,

9  Plaintiff was caused to and did employ the services of counsel to prosecute this action, and

10 is accordingly entitled to an award of attorneys' fees according to proof pursuant to

11 California Labor Code § 218.5 and 2699.  Plaintiff also seeks interest pursuant to

12 California Labor Code § 218.6.

13                          **FOURTH CAUSE OF ACTION**

14      **(FAILURE TO PROVIDE ACCURATE ITEMIZED PAYSTUB IN VIOLATION**

15                      **OF CAL. LABOR CODE § 226**

16                          **AGAINST ALL DEFENDANTS)**

17      34.    Plaintiff realleges and incorporates herein paragraphs 1 through 33 of this

18 complaint as though fully set forth.

19      35.    California Labor Code § 226 requires every employer to furnish employees,

20 at the time of each payment of wages, with an accurate itemized statement in writing

21 computing the wages earned.  As set forth more fully above, Defendant required Plaintiff

22 to work through phantom breaks, knew that Plaintiff was working through phantom

23 breaks, but provided Plaintiff with paystubs which reflected that she had taken the breaks

24 and did not include any meal break premiums or other compensation for the missed breaks.

25 Accordingly, Defendant failed to furnish Plaintiff with an accurate itemized statement in

26 violation of California Labor Code § 226.

27      36.    California Labor Code § 226 authorizes Plaintiff to bring an action for

28 Defendant's failure to comply with its provisions.

37.     As a direct, legal, and proximate result of Defendant's conduct, as alleged above, Plaintiff has suffered a loss of wages and/or compensation according to proof. Plaintiff is also entitled to statutory penalties in an amount to be proven at trial under California Labor Code § 226.

38.     Plaintiff also hereby seeks civil penalties pursuant to California Labor Code § 226.3, which provides that any employer who violates California Labor Code § 226(a) shall be subject to a civil penalty in the amount of $250 per employee per violation in an initial citation and $1,000 per employee for each violation in a subsequent citation.  Under California Labor Code § 2699, Plaintiff is entitled to her share of this civil penalty because Defendant's violation was knowing, intentional, and certainly not inadvertent or due to a clerical error.

39.     Plaintiff also hereby requests attorneys' fees, costs, and interest pursuant to Labor Code §§226(g) and 2699

## FIFTH CAUSE OF ACTION

### (UNFAIR BUSINESS PRACTICES IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200 *ET SEQ.*

### AGAINST ALLL DEFENDANTS.)

40.     Plaintiff realleges and incorporates herein paragraphs 1 through 39 of this complaint as though fully set forth.

41.     California Business & Professions Code §§ 17200 *et seq.* prohibits unfair, unlawful, and fraudulent business practices or acts.  As described more fully above, Defendant engaged in unfair, unlawful, and fraudulent business practices by forcing Plaintiff and other employees to choose between: 1) reporting a missed meal or rest break and facing discipline; or 2) missing a meal and rest break and failing to report it.  Further, Defendant failed to pay Plaintiff all wages during her employment.  Defendant relied on working through phantom breaks as a reason to terminate Plaintiff, but has never paid Plaintiff wages or premiums for these working breaks.  This scheme deprived Plaintiff of her rights under the California Labor Code.  These acts caused Plaintiff actual and

1 | financial harm, and are actionable under Section 17200. *See Cortez v. Purolator Air*

2 | *Filtration Products Co.* (2000) 23 Cal. 4th 163.

3 |     42.    As a direct result of Defendant's conduct, as alleged above, Defendant was

4 | unjustly enriched and owes Plaintiff unpaid wages (as equitable relief) in an amount to be

5 | proven at trial and any other of Defendant's ill-gotten gains from Defendant engaging in

6 | the unlawful, unfair, and fraudulent payroll practices described herein.

7 |     43.    Plaintiff also seeks interest on the amount of restitution awarded to Plaintiff.

8 | Plaintiff also seeks attorneys' fees under California Code of Civil Procedure § 1021.5

9 | because this lawsuit seeks to enforce important public rights guaranteed by the California

10 | Labor Code.

11 | **SIXTH CAUSE OF ACTION**

12 | **(WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY AGAINST**

13 | **ALL DEFENDANTS)**

14 |     44.    Plaintiff realleges and incorporates herein paragraphs 1 through 43 of this

15 | complaint as though fully set forth.

16 |     45.    The prompt payment of wages is a fundamental public policy in California.

17 | *Phillips v. Gemini Moving Specialists* (1998) 63 Cal. App.4th 563, 571 [California courts

18 | have recognized that wages are highly significant not only to the employee who earns

19 | them, but . . . to society in general."]; Cal. Lab. Code. § 216 [employee is guilty of

20 | misdemeanor for willfully failing to wages after employees demand, when employer able

21 | to pay].  In addition, California has a strong public policy against age discrimination in

22 | employment. *See, e.g.,* Cal. Gov't Code § 12940, *et seq.*

23 |     46.    As set for the above, Defendant failed to pay Plaintiff for working through

24 | phantom breaks, and ultimately terminated Plaintiff for failing report that she had worked

25 | through these breaks.  In addition, Plaintiff is informed and believes, and on that basis

26 | alleges, that Defendant terminated her because of her age, 59, because it also terminated

27 | another employee over the age of 40 for the same unlawful reasons.  Indeed, Plaintiff is

28 | informed and believes and thereupon alleges that Defendant has replaced her with

10
COMPLAINT

1  younger, less expensive labor and that Defendant has engaged in intentional age

2  discrimination (disparate treatment) or selectively enforced its policies and/or practices in

3  a manner that has resulted in a disparate impact on older workers such as Plaintiff.

4        47.   As a direct, legal, and proximate result of Defendant's conduct, as alleged

5  above, Plaintiff endured economic, including lost wages and benefits, and non-economic

6  damages, including emotional distress, to which Plaintiff is entitled to general and special

7  damages according to proof.

8        48.   Plaintiff is informed and believes and thereupon alleges that Defendant's

9  actions and each of them were taken with malice, oppression, fraud, and/or willful and

10  conscious disregard of Plaintiff's rights, and were carried out by Defendant's managing

11  agents and/or ratified by Defendant.  Plaintiff is therefore entitled to punitive damages in

12  an amount to be determined at trial.

13  **PRAYER FOR RELIEF**

14      WHEREFORE, Plaintiff Brenda Baima prays for judgment against TJX

15  Companies, Inc., a corporation; Homegoods, Inc., a corporation, and Does 1 through 10,

16  inclusive, and each of them, as follows:

17      1.   For general damages according to proof, on each cause of action for which

18  such damages are available;

19      2.   For compensatory damages, according to proof on each cause of action for

20  which such damages are available;

21      3.   For special damages, including punitive damages, according to proof on each

22  cause of action for which such damages are available;

23      4.   For statutory and civil penalties, according to proof on each cause of action

24  for which such damages are available;

25      5.   For prejudgment and postjudgment interest on any lost or unpaid wages

26  according to law;

27      6.   For reasonable attorneys' fees and costs of suit incurred herein pursuant to

28  California Government Code § 12965(b), California Labor Code §§ 218.5, 218.6, 558,

11
COMPLAINT

1194(a), and 2699, California Code of Civil Procedure § 1021.5, and any other relevant provision under California law that provides for attorneys' fees;

      7.    For equitable relief to the extent available under law;

      8.    For statutory penalties to the extent available under law; and

      9.    For such other and further relief as the Court deems proper and just.

**PLAINTIFF HEREIN DEMANDS A TRIAL BY JURY OF ALL CAUSES OF ACTION ALLEGED HEREIN.**

DATED:  October 1, 2015        Respectfully submitted,

                                    CHESLER McCAFFREY LLP

                                      By: _____

                                        Timothy B. McCaffrey, Jr.

                                        Attorneys for Plaintiff
Brenda Baima

COPY

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| TIMOTHY B. McCAFFREY, JR. (S.B. #192114)<br>CHESLER McCAFFREY LLP<br>11377 West Olympic Boulevard, Suite 500<br>Los Angeles, California 90064<br>TELEPHONE NO.: (310)882-6407  FAX NO.: (310)882-6359<br>ATTORNEY FOR *(Name):* Plaintiff Brenda Baima | **CONFORMED COPY<br>ORIGINAL FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>OCT 0 2 2015<br><br>Sherri R. Carter, Executive Office/Clerk<br>By: _____, Deputy<br>Ishayla Chambers |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS: 111 N. Hill St.
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
BAIMA v. TJX COMPANIES, INC., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>BC 5 9 6 7 3 9 |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [✓] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action *(specify):* 5
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 1, 2015

Timothy B. McCaffrey, Jr.
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

| SHORT TITLE: BAIMA v. TJX COMPANIES, INC., et al. | CASE NUMBER | BC 5 9 6 7 3 9 |
|---|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

COPY

**This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 5 ☐ HOURS/ ☑ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 2. |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.0
Page 1 of 4

| SHORT TITLE: | BAIMA v. TJX COMPANIES, INC., et al. | | CASE NUMBER | |

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

| SHORT TITLE: BAIMA v. TJX COMPANIES, INC., et al. | CASE NUMBER | |
|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

| SHORT TITLE: BAIMA v. TJX COMPANIES, INC., et al. | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case. | ADDRESS: 935 Foothill Blvd. |
|---|---|
| ☐1. ☑2. ☑3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | |
| CITY: La Canada Flintridge | STATE. CA | ZIP CODE: 91011 |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Stanley Mosk___ courthouse in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: ___October 1, 2015___

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.